THOMPSON V. RIZZITELLI ET AL., 10 CV 71 (JBA) – ELECTRONIC ENDORSEMENT ON DKTS. ##62, 63 & 66

11/23/10 – ELECTRONIC ENDORSEMENT GRANTING DEFENDANTS' MOTIONS (Dkts. ##62-63) AND DENYING PLAINTIFF'S MOTION TO COMPEL (Dkt. #66). The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's Application for Prejudgment Remedy, filed June 18, 2010 (Dkt. #25; see also Dkts. ##40, 42-44).

Under the Scheduling Order, filed by U.S. District Judge Janet Bond Arterton on May 20, 2010 (Dkt. #20), all discovery is to be completed by December 1, 2010, and after a pre-filing conference is held, all dispositive motions are to be filed by January 2, 2011.

On July 2, 2010, the Derby Defendants filed their Motion to Dismiss for Lack of Jurisdiction (Dkt. #32), oral argument for which was held on October 20, 2010. (Dkts. ##51, 54; see also Dkts. ##37, 56, 59).

On September 16, 2010, the Derby Defendants filed a Motion to Stay Discovery (Dkt. #48), in which they sought a stay of discovery here until plaintiff posted his bond by November 15, 2010, as ordered by the Court (Dkts. ##12-13, 15, 27, 29, 42-43, 46-47), or until Judge Arterton ruled on the pending dispositive motions. On October 6, 2010, this Magistrate Judge granted defendants' motion until November 19, 2010, over plaintiff's objection (Dkt. #49), "[g]iven the unique circumstances of this case, where there have been previous lawsuits between the parties, oral argument on the pending Motion to Dismiss [was] scheduled for two weeks [from October 6] . . ., and plaintiff has not posted his bond yet"; the motion also was granted "without prejudice to defendants seeking an extension thereof, if Judge Arterton has not filed a ruling by that date." (Dkt. #52)(emphasis omitted).

On November 15, 2010, four days prior to the November 19th deadline, plaintiff filed his Motion to Waive or Modify Bond Pursuant to Conn. L. Civ. P. 83.3(A), in which plaintiff represented that he "in unable to file said bond due to financial constraints[,]" that he anticipated being able to post the bond after January 15, 2011, and that defense counsel "agreed to a waiver and[/]or extension if the [C]ourt deems it in its equitable powers to grant[,]" during a discussion held at the Milford Superior Court on November 12. (Dkt. #60, at 1-3). The next day, Judge Arterton granted this motion in part, such that bond would be filed by January 15, 2011.

Two days thereafter, on November 18, 2010, defendants filed the two pending motions, namely their Motion for Order to Extend the Stay of Discovery (Dkt. #62) and "Motion to Preserve the Record; Stay Order Granting Plaintiff's Motion to Waive/Modify Bond . . .; and Conduct a Rule 11 Inquiry." (Dkt. #63). In these motions, defense counsel "categorical[ly] deni[es]" plaintiff's representations in his November 15th motion, and points to plaintiff's "pattern of misconduct . . . imputing the integrity of our judicial system and the integrity of the [C]ourt's Orders." (At 1-2)(citation omitted). The next day, plaintiff filed his Objections to these two motions. (Dkts. ##64-65).

1

Defendants' Motion for Order to Extend the Stay of Discovery (Dkt. #62) is <u>granted, such that discovery is stayed until January 18, 2011</u>, over plaintiff's objection, again without prejudice to defendants seeking an extension thereof, if Judge Arterton has not filed a ruling by that date. Defendants' second motion (Dkt. #63) is <u>denied to the extent it wishes "to preserve the record" and to stay the order granting plaintiff's Motion to Waive/Modify Bond; the motion is denied without prejudice to renew at a later time with respect to potential Rule 11 violations by plaintiff</u>.

Plaintiff's Motion to Compel (Dkt. #66) <u>is denied without prejudice to renew after January 18, 2011</u>.