THOMPSON V. RIZZITELLI ET AL., 10 CV 71 (JBA) – ELECTRONIC ENDORSEMENT ON DKTS. ##68 & 70

2/7/11 – ELECTRONIC ENDORSEMENT DENYING DEFENDANTS' MOTION FOR DISMISSAL (Dkt. #68) WITHOUT PREJUDICE AS MOOT, AND GRANTING DEFENDANTS' MOTION TO EXTEND STAY OF DISCOVERY (Dkt. #70). The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's Application for Prejudgment Remedy, filed June 18, 2010 (Dkt. #25; see also Dkts. ##40, 42-44), and in this Magistrate Judge's lengthy electronic endorsement, filed November 23, 2010 (Dkt. #67)["November 2010 Electronic Discovery Endorsement"].

Under the Scheduling Order, filed by U.S. District Judge Janet Bond Arterton on May 20, 2010 (Dkt. #20), all discovery was to be completed by December 1, 2010, and after a pre-filing conference is held, all dispositive motions were to be filed by January 2, 2011.

On July 2, 2010, the Derby Defendants filed their Motion to Dismiss for Lack of Jurisdiction (Dkt. #32), oral argument for which was held on October 20, 2010. (Dkts. ##51, 54; see also Dkts. ##37, 56, 59).

On September 16, 2010, the Derby Defendants filed a Motion to Stay Discovery (Dkt. #48), in which they sought a stay of discovery here until plaintiff posted his bond by November 15, 2010, as ordered by the Court (Dkts. ##12-13, 15, 27, 29, 42-43, 46-47), or until Judge Arterton ruled on the pending dispositive motions. On October 6, 2010, this Magistrate Judge granted defendants' motion until November 19, 2010, over plaintiff's objection (Dkt. #49), "[g]iven the unique circumstances of this case, where there have been previous lawsuits between the parties, oral argument on the pending Motion to Dismiss [was] scheduled for two weeks [from October 6] . . ., and plaintiff ha[d] not posted his bond yet"; the motion also was granted "without prejudice to defendants seeking an extension thereof, if Judge Arterton has not filed a ruling by that date." (Dkt. #52)(emphasis omitted).

On November 15, 2010, four days prior to the November 19th deadline, plaintiff filed his Motion to Waive or Modify Bond Pursuant to Conn. L. Civ. P. 83.3(A), in which plaintiff anticipated being able to post the bond after January 15, 2011. (Dkt. #60, at 1-3). The next day, Judge Arterton granted this motion in part, such that bond would be filed by January 15, 2011.

Two days thereafter, on November 18, 2010, defendants filed their Motion for Order to Extend the Stay of Discovery (Dkts. ##62-63), which this Magistrate Judge granted on November 23, 2010, over plaintiff's objection (Dkts. ##64-65), "such that discovery [was] stayed until January 18, 2011**,** . . . again without prejudice to defendants seeking an extension thereof, if Judge Arterton has not filed a ruling by that date." (November 2010 Electronic Discovery Endorsement)(emphasis omitted).

On January 19, 2011, defendants filed this pending Motion for Dismissal, and brief and exhibit in support (Dkt. #68), in light of plaintiff's failure to post the $500 bond, particularly in view of new litigation, or appeals, he had commenced in federal and state

1

court. (Dkt. #68, Brief, at 2). That same day, plaintiff, in fact, posted his $500 bond, and the next day, he filed his brief in opposition, with exhibits (Dkt. #69), in which he observed that January 15th was a Saturday, the courts were closed on Monday, January 17th due to Martin Luther King's Birthday, and Tuesday, January 18th was yet another massive snow storm in Connecticut. (Dkt. #69, Brief at 6). In light of plaintiff's legitimate reasons for not delivering his $500 check until Wednesday, January 19th, defendants' Motion for Dismissal (Dkt. #68) is <u>denied without prejudice as moot</u>.

On January 20, 2011, defendants also filed their Motion to Extend Stay of Discovery (Dkt. #70), as to which plaintiff filed his objection the next day (Dkt. #71). For the same reasons as stated in the November 2010 Electronic Discovery Endorsement, defendants' Motion to Extend Stay of Discovery (Dkt. #70) is <u>granted until 3/31/11, again without prejudice to defendants seeking an extension thereof, if Judge Arterton has not filed a ruling by that date</u>.