IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
:
MEL THOMPSON                           :     3:10 CV 0071 (JBA)
:
:
:
v.                                     :
:
SAM RIZZITELLI, ET AL.                 :     DATE: JANUARY 13, 2012
:
------------------------------------------------x

RULING ON DEFENDANT RIZZITELLI'S SECOND MOTION TO COMPEL

As set forth in the multiple rulings in this vastly over-litigated lawsuit, on January 15, 2010, plaintiff, who is proceeding pro se,[1] initiated this action against defendants Sam Rizzitelli, Shelia Parizo, Sandy Watson, James Watson, Dan Sexton, Anita Duggatto, Christine Robinson, Ronald Sill, Joyce Sill, Paul Varsanik, Jr., John Orazietti, and the Derby Democratic Town Committee ["DDTC"](Dkt. #1), which Complaint was superseded by an Amended Complaint filed on June 18, 2010.  (Dkt. #26).  In his Amended Complaint, plaintiff alleges

---

[1] As this Magistrate Judge noted in the Ruling on Plaintiff's Application for Prejudgment Remedy Against Defendant Sexton (Dkt. #25), familiarity with which is presumed, plaintiff is well educated and has had legal training.  See, e.g., Thompson v. Am. Bar Ass'n, 05 CV 1493 (CFD), 2007 WL 987807, at *1 (D. Conn. Mar. 30, 2007)(plaintiff has a bachelor's degree and a master's degree in political science from Southern Connecticut State University and graduated with a law degree from an internet correspondence law school located in California).

On March 9, 2010, plaintiff filed a Motion for Prejudgment Remedy against defendant Dan Sexton in the amount of $500,000, which motion was referred to this Magistrate Judge by United States District Judge Janet Bond Arterton thirteen days later; a hearing was held on June 14, 2010, at which defendant Sexton did not appear.  (Dkts. ##5-9, 24).  Four days after the hearing, this Magistrate Judge issued a ruling granting plaintiff's Motion for Prejudgment Remedy in the amount of $42,000.  (Dkt. #25).

On June 24, 2010 and again on April 11 and May 4 , 2011, plaintiff filed a Motion for Prejudgment Remedy in the amount of $300,000 against defendant Christine Robinson, with brief in support, which was referred to this Magistrate Judge on June 28, 2010 by Judge Arterton; a hearing was held on September 19, 2011.  (Dkts. ##30-31, 75, 84, 128-29; see also Dkts. ##32-33, 40).  On October 14, 2011, this Magistrate Judge filed an eleven page ruling, denying the motions.  (Dkt. #133).

that defendants violated his constitutional and civil rights, including his rights under the First, Ninth, Fourteenth and Fifteenth Amendments, 42 U.S.C. §§ 1983, 1985(3), and 1986, and Section 2 of the National Voting Rights Act of 1965, 42 U.S.C. § 1973, in conspiring to deprive and depriving plaintiff of political access in the City of Derby.[2]  (Id.).

On July 2, 2010, defendants filed a Motion to Dismiss for Lack of Jurisdiction. On March 29, 2011, U.S. District Judge Janet Bond Arterton granted in part and denied in part defendants' Motion to Dismiss, dismissing Counts One, Two, Three, Nine, Ten, Eleven and Twelve of plaintiff's Amended Complaint,[3] and denying dismissal of plaintiff's claims of violations of plaintiff's First Amendment Right to Association (Count Four), plaintiff's Fourteenth Amendment due process and equal protection rights (Counts Six and Seven), and plaintiff's Fifteenth Amendment right to vote (Count Eight).  2011 WL 1215190, at *4-8.

On November 30, 2011, defendant Rizzitelli filed a Motion to Compel (Dkt. #141), as to which plaintiff filed an objection and notice on December 7, 2011 (Dkts. ##142-43), in which he represented that he had complied with the outstanding discovery requests.  As a result, on January 3, 2012, this Magistrate Judge filed an electronic endorsement (Dkt. #155), denying the motion, without prejudice as moot, in light of plaintiff's representations that he had complied and in the absence of a timely reply brief.

---

[2]Specifically, plaintiff alleges, inter alia, that defendants have conspired against plaintiff by threatening and intimidating plaintiff in his political activities; defendants have intimidated and harassed plaintiff into foregoing his run for any elected office; defendants deprived plaintiff of access to public facilities on grounds of race; defendants have imposed and applied voting qualification and prerequisites to voting standards, practices and procedures which resulted in a denial and abridgement of plaintiff's right to vote on account of his race or color; defendants have conspired to deny plaintiff's right to privacy; and defendants have conspired to deny plaintiff his right to vote on the basis of his race.

[3]There is no Count Five in plaintiff's Amended Complaint.  See 2011 WL 1215190, at *7 n.3.

The next day, defendant Rizzitelli filed the pending Second Motion to Compel Discovery (Dkt. #156),[4] in which he asserts that plaintiff's responses "are severely deficient in that they provide no information and no documents. . . ." (At 3).  Defendant Rizzitelli further asserts that he required these responses prior to taking plaintiff's deposition. (At 4). On that same day, January 4, 2012, plaintiff filed his objection to this motion (Dkt. #159),[5] in which he argued that his responses were not deficient.  One week later, on January 11, 2012, defendant Rizzitelli filed his reply brief. (Dkt. #167).[6]  The next day, on January 12, 2012, plaintiff filed his affidavit, sworn to that day, in response to defendant Rizzitelli's reply brief. (Dkt. #169).

For the reasons stated below, defendant Rizzitelli's Second Motion to Compel Discovery (Dkt. #156) is <u>granted in part</u>.

## I.  DISCUSSION

At this point in the litigation, where the close of discovery almost is at reach, there is no purpose in addressing whether plaintiff's discovery responses on December 7, 2011 were untimely or not.  (<u>See</u> Dkt. #167, at 1).  The only issue that will be addressed here is

---

[4]The following seven exhibits are attached: excerpts from plaintiff's deposition (Exh. A); copy of e-mail between defense counsel and plaintiff, dated October 14, 2011 (Exh. B); copy of unclaimed envelope delivered to plaintiff, postmarked October 14, 2011, and unsigned green card (Exh. C); copy of letter from defense counsel to plaintiff, dated November 16, 2011, with envelope postmarked on November 16, 2011 and unsigned green cared (Exh. D); copy of defendant Rizzitelli's First Set of Interrogatories and Requests for Production, dated October 14, 2011, with plaintiff's answers (Exh. E); copy of letter from defense counsel to plaintiff, dated December 15, 2011 (Exh. F); and affidavits of defense counsel, sworn to January 4, 2012 (Exh. G).

[5]Attached is a copy of an e-mail between plaintiff and defense counsel, dated November 16, 2011, as well as another copy of defendant Rizzitelli's First Set of Interrogatories and Requests for Production, dated October 14, 2011, with plaintiff's answers.  <u>See</u> note 4 <u>supra</u>.

[6]Attached as Exh. A is another copy of defendant Rizzitelli's First Set of Interrogatories and Requests for Production, dated October 14, 2011, but with plaintiff's updated answers.  <u>See</u> notes 4-5 <u>supra</u>.

the adequacy of plaintiff's supplemental responses from January 4, 2012.[7] Defendant's reply brief is limited to Interrogatories Nos. 2 and 3, and Requests for Production Nos. 5 and 8. (At 1-4).

Defendant Rizzitelli is correct that plaintiff's response to Interrogatory No. 2, in which he asserts that his controversies with Rizzitelli are limited to his "obtaining income and[/]or employment as an individual[,]" is inconsistent with his response to Request for Production No. 8, in which he represented that "all of my income[,] if any[,] comes from [the] LLC's which are reported on my individual tax returns." (Dkt. #167, at 1-2, 3-4 & Exh. A).  Thus, plaintiff is required to respond to Interrogatory No. 2 and Request for Production No. 8 only with respect to income and revenue derived from, or related to, his LLC's.  Similarly, with respect to Interrogatory No. 3, plaintiff is required to respond only with respect to debts that accrued as a result of, or were/are related to, his LLC's; personal obligations, such as outstanding utility bills on plaintiff's residence or delinquent medical bills (if any) are irrelevant. (Dkt. #167, at 2 & Exh. A).  And the same conclusion is reached with respect to Request for Production No. 5, regarding bank records, financial statements and balance sheets; the only ones that need to be produced are those related to plaintiff's LLC's.  (Dkt. #167, at 2-3 & Exh. A).  Thus, the concerns expressed by plaintiff regarding his spouse's privacy issues (Dkt. #169) are unaffected by this ruling.

Accordingly, plaintiff shall respond to these four discovery requests, to the extent addressed above, **on or before January 31, 2012**.

## II. CONCLUSION

For the reasons stated above, defendant Rizzitelli's Second Motion to Compel

---

[7]Defendant's brief erroneously refers to the date as January 4, 201**1**, a common mistake early in the year.

Discovery (Dkt. #156) is <u>granted to the extent set forth above</u>.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut;  <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 13th day of January, 2012.

 /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis  
United States Magistrate Judge