IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------x
:
MEL THOMPSON                :          3:10 CV 0071 (JBA)
:
:
:
v.                          :
:
SAM RIZZITELLI, ET AL.      :          DATE: FEBRUARY 8, 2012
:
---------------------------------------------x

ORDER ADMINISTRATIVELY CLOSING FILE DUE TO PLAINTIFF'S BANKRUPTCY

As set forth in the multiple rulings in this vastly over-litigated lawsuit, on January 15, 2010, plaintiff, who is proceeding pro se,[1] initiated this action against defendants Sam Rizzitelli, Shelia Parizo, Sandy Watson, James Watson, Dan Sexton, Anita Duggatto, Christine Robinson, Ronald Sill, Joyce Sill, Paul Varsanik, Jr., John Orazietti, and the Derby Democratic Town Committee ["DDTC"](Dkt. #1), which Complaint was superseded by an Amended Complaint filed on June 18, 2010.  (Dkt. #26).  In his Amended Complaint, plaintiff alleges

---

[1] As this Magistrate Judge noted in the Ruling on Plaintiff's Application for Prejudgment Remedy Against Defendant Sexton (Dkt. #25), familiarity with which is presumed, plaintiff is well educated and has had legal training.  See, e.g., Thompson v. Am. Bar Ass'n, 05 CV 1493 (CFD), 2007 WL 987807, at *1 (D. Conn. Mar. 30, 2007)(plaintiff has a bachelor's degree and a master's degree in political science from Southern Connecticut State University and graduated with a law degree from an internet correspondence law school located in California).

On March 9, 2010, plaintiff filed a Motion for Prejudgment Remedy against defendant Dan Sexton in the amount of $500,000, which motion was referred to this Magistrate Judge by United States District Judge Janet Bond Arterton thirteen days later; a hearing was held on June 14, 2010, at which defendant Sexton did not appear.  (Dkts. ##5-9, 24).  Four days after the hearing, this Magistrate Judge issued a ruling granting plaintiff's Motion for Prejudgment Remedy in the amount of $42,000.  (Dkt. #25).

On June 24, 2010 and again on April 11 and May 4 , 2011, plaintiff filed a Motion for Prejudgment Remedy in the amount of $300,000 against defendant Christine Robinson, with brief in support, which was referred to this Magistrate Judge on June 28, 2010 by Judge Arterton; a hearing was held on September 19, 2011.  (Dkts. ##30-31, 75, 84, 128-29; see also Dkts. ##32-33, 40).  On October 14, 2011, this Magistrate Judge filed an eleven page ruling, denying the motions.  (Dkt. #133).

that defendants violated his constitutional and civil rights, including his rights under the First, Ninth, Fourteenth and Fifteenth Amendments, 42 U.S.C. §§ 1983, 1985(3), and 1986, and Section 2 of the National Voting Rights Act of 1965, 42 U.S.C. § 1973, in conspiring to deprive and depriving plaintiff of political access in the City of Derby.[2]  (Id.).

On July 2, 2010, defendants filed a Motion to Dismiss for Lack of Jurisdiction. On March 29, 2011, U.S. District Judge Janet Bond Arterton granted in part and denied in part defendants' Motion to Dismiss, dismissing Counts One, Two, Three, Nine, Ten, Eleven and Twelve of plaintiff's Amended Complaint,[3] and denying dismissal of plaintiff's claims of violations of plaintiff's First Amendment Right to Association (Count Four), plaintiff's Fourteenth Amendment due process and equal protection rights (Counts Six and Seven), and plaintiff's Fifteenth Amendment right to vote (Count Eight).  2011 WL 1215190, at *4-8.

Judge Arterton has referred this file to this Magistrate Judge on multiple occasions. (See Dkts. ##8, 31, 41, 50, 110, 161).  Familiarity is presumed with the countless rulings filed by this Magistrate Judge in this case.  (Dkts. ##25, 40, 67, 72, 114, 118, 120, 133, 146, 170, 171, 172).[4]

---

[2]Specifically, plaintiff alleges, inter alia, that defendants have conspired against plaintiff by threatening and intimidating plaintiff in his political activities; defendants have intimidated and harassed plaintiff into foregoing his run for any elected office; defendants deprived plaintiff of access to public facilities on grounds of race; defendants have imposed and applied voting qualification and prerequisites to voting standards, practices and procedures which resulted in a denial and abridgement of plaintiff's right to vote on account of his race or color; defendants have conspired to deny plaintiff's right to privacy; and defendants have conspired to deny plaintiff his right to vote on the basis of his race.

[3]There is no Count Five in plaintiff's Amended Complaint.  See 2011 WL 1215190, at *7 n.3.

[4]Last summer, on August 10, 2011, this Magistrate Judge observed the "obsessiveness with which this file is being litigated" and further commented:

> Most of the bickering in these filings relates the inability of the pro se plaintiff and defense counsel to be civil to each other, with plaintiff describing them as

2

Under the last of several scheduling orders, all discovery relating to this action, 10 CV 71 (JBA) was to be completed by October 28, 2011 and after a pre-filing conference before Judge Arterton, all dispositive motions were to be filed by December 2, 2011, whereas for the issues that pertain solely to the removed action (which is a counterclaim here), 11 CV 607 (JBA), all discovery was to be completed by January 26, 2012, and after a pre-filing conference before Judge Arterton, all dispositive motions were to be filed by March 15, 2012. (Dkts. ##131, 136). However, these deadlines were further extended when plaintiff failed to comply with numerous discovery obligations. The Ruling on Defendants' Motion for Sanctions, filed December 14, 2011 (Dkt. #146)["December 2011 Ruling"] held:

> Plaintiff's behavior is truly shocking.  Plaintiff is given **one last opportunity** to comply with his obligations to the Court.  **PLAINTIFF SHALL FORWARD TO DEFENSE COUNSEL, BY E-MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, FULL AND COMPLETE RESPONSES TO ALL DISCOVERY REQUESTS ON OR BEFORE DECEMBER 22, 2011**.  With respect to plaintiff's deposition, plaintiff has misconstrued the purpose of a deposition – while it is true that he "has no obligation to provide answers that favor the defendants[,]" he does have an obligation to answer questions fully and completely.  Therefore, **PLAINTIFF IS REQUIRED TO ATTEND A SECOND DEPOSITION, AT WHICH HE WILL ANSWER FULLY AND COMPLETELY ALL RELEVANT QUESTIONS POSED TO HIM, WITH SUCH DEPOSITION TO BE HELD ON OR BEFORE JANUARY 20, 2012. THERE SHALL BE NO FURTHER DISCOVERY IN THIS LAWSUIT OTHER THAN SPECIFIED IN THIS RULING. IF PLAINTIFF FAILS TO COMPLY WITH THIS RULING, THIS LAWSUIT WILL BE DISMISSED**.

(Id. at 5-6)(emphasis in original)(footnote omitted).  The issue of defendants obtaining attorney's fees from plaintiff was left open "for a later time." (Id. at 6, n.9).

Thereafter, on January 12, 2012, this Magistrate Judge filed an electronic

---

"combatants[.]" As has been the case, it is best if communications between them are done through e-mail, so that there can be a paper trail of who said what to whom and when.

(Dkt. #120)(internal citations omitted).

endorsement, which postponed plaintiff's deposition, scheduled for January 17, 2012, until a "later date pursuant to Court Order" in that motions were still pending that could have a direct impact upon that deposition. (Dkt. #170)(emphasis omitted). The next day, this Magistrate Judge filed her Ruling on Defendant Rizzitelli's Second Motion to Compel (Dkt. #171), which ordered plaintiff to respond to four discovery requests by January 31, 2012. (At 4-5).

On or about January19, 2012, the Court was informed, <u>for the first time</u>, that plaintiff had filed for Chapter 7 bankruptcy on November 21, 2011, <u>In re Melvin Thompson</u>, Case No. 11-32924-LMW, for which no notice had been filed with this Court. (<u>See</u> Dkt. #173, at 1). On January 30, 2012, the Bankruptcy Trustee filed in Bankruptcy Court a Notice of Proposed Abandonment or Disposition of Property and Opportunity for Objections Thereto, in which she gave "notice of her intent to abandon as asset of the estate all litigation in which the Debtor is a Plaintiff or Counter Plaintiff pending in the Connecticut Superior Court and in Federal Court, both District Court and the Court of Appeals" in that she found these lawsuits to be "burdensome to the estate" and "the Trustee does not believe that she will be able to retain counsel to represent the estate's interest in these lawsuits and the claims asserted by the Debtor." The Bankruptcy Trustee further set February 20, 2011 as the deadline by which objections to this Notice were to be filed in the Bankruptcy Court.

The law is abundantly clear, contrary to plaintiff's arguments (<u>see</u> Dkt. #174), that the automatic stay established in 11 U.S.C. § 362 operates as a bar to continuation of defendant Rizzitelli's counterclaims against plaintiff, absent conclusion of the bankruptcy proceedings or express authorization from U.S. Bankruptcy Judge Lorraine Weil that defendant Rizzitelli may proceed on the counterclaim (known as "relief from the stay.").

Dorsett-Felicelli, Inc. v. County of Clinton, Civ. No. 1:04-CV-1141 (LEK/RFT), 2009 WL 1652183, at *1 (N.D.N.Y. June 5, 2009)(citation omitted).  As in Dorsett-Felicelli, the more difficult issue is whether the automatic stay of 11 U.S.C. § 362 "extends to Plaintiffs' Complaint as well." Id.

Dorsett-Felicelli, like this lawsuit, was a § 1983 civil right actions alleging a violation of plaintiffs' First Amendment rights.  Id. at *1, n.1.  In Dorsett-Felicelli, unlike here, plaintiff's counsel had filed an application before the Bankruptcy Court to serve as special counsel in the federal litigation. Id. at *1.  As U.S. Magistrate Judge Randolph F. Treece summarized in Dorsett-Felicelli, as a general rule, "a plaintiff's action is not stayed but rather permitted and expected to proceed since it is an asset of or inures to the benefit of the bankruptcy estate." Id. at *2 (multiple citations omitted).  Therefore, Magistrate Judge Treece held that "[p]laintiffs may proceed with their civil right action even though [d]efendants are stayed from prosecuting any counterclaim that they may muster." Id.

Like here, defendants argued that if plaintiffs proceeded with their claims and then lost, defendants would be entitled to an affirmative relief of attorney's fees and costs under 42 U.S.C. § 1988, which "would be a significant diminution of the bankruptcy estate," in violation of 11 U.S.C. § 362. Id.  Magistrate Judge Treece rejected this argument, as the imposition of attorney's fees and costs at the end of the litigation was speculative:

> Th[e] possibility [of attorney's fees and costs] is too contingent and remote for it to neatly enfold within the concept of affirmative relief as contemplated by the statute and [court] interpretation.  Defendant did not provide, nor was this Court able to find, any precedent that even implies that the imposition of attorney fees and costs should be a factor in calculating whether debtor's suits should be stayed during a bankruptcy.  Accordingly, on this basis, the Court does not grant a stay of the entire lawsuit.

Id. at *3.

5

The procedural posture of this case differs from that in <u>Dorsett-Felicelli</u> in at least two significant respects.  First, in <u>Dorsett-Felicelli</u>, plaintiff's counsel had filed an application to serve as special counsel in the federal litigation, whereas in this case, the Bankruptcy Trustee is seeking to abandon the litigation, finding the litigation to be "burdensome to the estate[,]" for which a deadline of February 20, 2011 has been set for objections.  Thus, until there is action upon the Bankruptcy Trustee's Notice, there will be uncertainty whether the litigation will be prosecuted by plaintiff, if the Bankruptcy Trustee is permitted to abandon the litigation, or by the Bankruptcy Trustee, if she is not so permitted.

Second, Magistrate Judge Treece found that the "possibility" of attorney's fees and costs was "too contingent and remote" to have any bearing, whereas in this case, as the December 2011 Ruling makes abundantly clear, given plaintiff's behavior, the imposition of attorney's fees and costs was distinct and concrete.  As such, rulings on some of the pending motions (<u>see, e.g.</u>, Dkt. #151) could easily include the imposition of <u>some</u> attorney's fees and costs against plaintiff, in violation of 11 U.S.C. § 362.

Thus, under the unique circumstances of this case, <u>both</u> plaintiff's complaint, in 10 CV 71 (JBA) <u>and</u> defendant Rizzitelli's counterclaim in 11 CV 607 (JBA) are <u>stayed</u>, pending relief being granted by Judge Weil to proceed.  Accordingly, the following seven motions are <u>denied without prejudice to renew, after relief being granted by Judge Weil</u>:

(1) Defendant Rizzitelli's Motion to Remand to State Court, filed May 4, 2011 (Dkt. #85), in that this motion is directly related to defendant Rizzitelli's counterclaims against plaintiff;

(2) Plaintiff's Motion for Summary Judgment as to Count One of Counterclaim Plaintiff Rizzitelli's Complaint, filed January 9, 2012 (Dkt. #162), in that motion similarly is directly

related to defendant Rizzitelli's counterclams against plaintiff;

(3) Plaintiff's Motion for Defendant Sam Rizzitelli's Compliance with #109 Order, filed January 9, 2012 (Dkt. #164), in that motion similarly is directly related to defendant Rizzitelli's counterclaims against plaintiff;

(4) Plaintiff's Motion for Summary Judgment against Defendant Dan Sexton, filed May 4, 2011 (Dkt. #82), in that it is presently unclear who will be prosecuting plaintiff's complaint;

(5) Plaintiff's Motion to Strike Answer to Amended Complaint Affirmative Defenses, filed June 18, 2011 (Dkt. #94), in that it is presently unclear who will be prosecuting plaintiff's complaint;

(6) Plaintiff's Motion for Contempt and Sanctions, filed December 30, 2011 (Dkt. #154), in that it is presently unclear who will prosecuting plaintiff's complaint; and

(7) Defendants' Motion for Order of Dismissal, filed December 29, 2011 (Dkt. #151), as such motion seeks the imposition of attorney's fees and costs against plaintiff, in violation of 11 U.S.C. § 362.

For these same reasons, defendant Rizzitelli's Motion for an Extension of Time to Complete Discovery and File Dispositive Motions, filed January 20, 2012 (Dkt. #173) is <u>granted, over plaintiff's objection.</u> (Dkt. #174).[5]

Accordingly, the Clerk's Office shall administratively stay this action, pending further notice from the Bankruptcy Court, the Bankruptcy Trustee, or counsel regarding developments in plaintiff's Chapter 7 proceeding.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within**

---

[5] The other pending motion (Dkt. #153) has been addressed in a separate ruling.

**fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 8th day of February, 2012.

       /s/ Joan G. Margolis, USMJ
       Joan Glazer Margolis
       United States Magistrate Judge