IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
:
MEL THOMPSON                       :        3:10 CV 0071 (JBA)
:
:
v.                                 :
:
SAM RIZZITELLI, ET AL.             :        DATE: JUNE 4, 2012
:
------------------------------------------------x

SUPPLEMENTAL ORDER REGARDING PLAINTIFF'S BANKRUPTCY

The factual and procedural history behind in this lawsuit is set forth in considerable detail in this Magistrate Judge's Order Administratively Closing File Due to Plaintiff's Bankruptcy, filed on February 8, 2012 (Dkt. #176)["February 2012 Order"] and in the Order Regarding Plaintiff's Bankruptcy, filed April 23, 2012 (Dkt. #178)["April 2012 Order"], with respect to plaintiff's pending Chapter 7 bankruptcy petition, filed on November 21, 2011, In re Melvin Thompson, Case No. 11-32924-LMW.[1]  The February 2012 Order held:

> The law is abundantly clear . . . that the automatic stay established in 11 U.S.C. § 362 operates as a bar to continuation of defendant Rizzitelli's counterclaims against plaintiff, absent conclusion of the bankruptcy proceedings or express authorization from U.S. Bankruptcy Judge Lorraine Weil that defendant Rizzitelli may proceed on the counterclaim (known as "relief from the stay.").

(At 4, citing Dorsett-Felicelli, Inc. v. County of Clinton, Civ. No. 1:04-CV-1141 (LEK/RFT), 2009 WL 1652183, at *1 (N.D.N.Y. June 5, 2009)(citation omitted)).  The February 2012 Order also held that because there is the "distinct and concrete" possibility that attorney's fees and costs may be imposed upon plaintiff, "under the unique circumstances of this case,

---

[1] Judge Arterton has referred this file to this Magistrate Judge on multiple occasions.  (See Dkts. ##8, 31, 41, 50, 110, 161).  Familiarity is presumed with the countless rulings filed by this Magistrate Judge in this case. (Dkts. ##25, 40, 67, 72, 114, 118, 120, 133, 146, 170, 171, 172, 175, 176).

both plaintiff's complaint, in 10 CV 71 (JBA) and defendant Rizzitelli's counterclaim in 11 CV 607 (JBA) are stayed, pending relief being granted by [U.S. Bankruptcy] Judge Weil to proceed." (At 6).[2]

As the April 2012 Order indicated, on April 17, 2012, counsel for consolidated plaintiff Rizzitelli (from 11 CV 607 (JBA)) forwarded a letter to this Magistrate Judge, with a copy to all parties and counsel of record, to which was attached a copy of the Trustee's Report of Abandonment, filed March 19, 2012 ["March 2012 Bankruptcy Order"], in plaintiff's bankruptcy case; the Order indicates that no objections having been filed, the Trustee has abandoned as an asset of the estate all litigation in which the plaintiff-debtor is a plaintiff or counter-plaintiff pending in the Second Circuit, this district, and the Connecticut Superior Court. (April 2012 Order, at 2-3). In this letter, counsel for consolidated plaintiff Rizzitelli (from 11 CV 607 (JBA)) sought "clarif[ication]" whether given the "intertwin[ing]" of the factual issues in both cases, would both cases remain "administratively closed until the bankruptcy concludes or if counsel may proceed on the defense of [plaintiff's] . . . claims alone." (Id.). Therefore, the April 2012 Order required plaintiff and counsel to file responses, with appropriate citations to governing statutory or judicial authority, on or before May 14, 2012, with respect to the following questions:

---

[2]As a result, seven motions were denied without prejudice to renew, after relief being granted by Judge Weil: (1) Defendant Rizzitelli's Motion to Remand to State Court, filed May 4, 2011 (Dkt. #85); (2) Plaintiff's Motion for Summary Judgment as to Count One of Counterclaim Plaintiff Rizzitelli's Complaint, filed January 9, 2012 (Dkt. #162); (3) Plaintiff's Motion for Defendant Sam Rizzitelli's Compliance with #109 Order, filed January 9, 2012 (Dkt. #164); (4) Plaintiff's Motion for Summary Judgment against Defendant Dan Sexton, filed May 4, 2011 (Dkt. #82); (5) Plaintiff's Motion to Strike Answer to Amended Complaint Affirmative Defenses, filed June 18, 2011 (Dkt. #94); (6) Plaintiff's Motion for Contempt and Sanctions, filed December 30, 2011 (Dkt. #154); and (7) Defendants' Motion for Order of Dismissal, filed December 29, 2011 (Dkt. #151). (At 6-7). The first three motions were characterized as being "directly related to defendant Rizzitelli's counterclaims against plaintiff" and the last motion seeks the imposition of attorney's fees and costs against plaintiff, in violation of 11 U.S.C. § 362. (Id.).

>    (1) Does the statutory and judicial authority still require <u>both</u> 10 CV 71 (JBA) <u>and</u> the member case, 11 CV 607 (JBA), to be stayed, as set forth in the February 2012 Order, notwithstanding the Bankruptcy's Trustee's abandonment of plaintiff's litigation in the March 2012 Bankruptcy Order?
>
>    (2) If not,
>
>    (A) Does the March 2012 Bankruptcy Order now permit renewal of, and a ruling upon, the fourth, fifth, and sixth motions listed above, namely Plaintiff's Motion for Summary Judgment against Defendant Dan Sexton, filed May 4, 2011 (Dkt. #82), Plaintiff's Motion to Strike Answer to Amended Complaint Affirmative Defenses, filed June 18, 2011 (Dkt. #94), and Plaintiff's Motion for Contempt and Sanctions, filed December 30, 2011 (Dkt. #154)?; and
>
>    (B) Does the March 2012 Bankruptcy Order now permit renewal of, and a ruling upon, the first, second, and third motions listed above, namely Defendant Rizzitelli's Motion to Remand to State Court, filed May 4, 2011 (Dkt. #85), Plaintiff's Motion for Summary Judgment as to Count One of Counterclaim Plaintiff Rizzitelli's Complaint, filed January 9, 2012 (Dkt. #162), and Plaintiff's Motion for Defendant Sam Rizzitelli's Compliance with #109 Order, filed January 9, 2012 (Dkt. #164)?

(<u>Id.</u> at 3-4)(footnote omitted).

On May 14, 2012, plaintiff, Attorney Burns (counsel for Rizzitelli), and Attorney Morgan (defense counsel for all defendants except defendant Sexton) filed their responses. (Dkts. ##179-81).  In his response, plaintiff indicates that he "has chosen not to pursue this action until such time as . . . [the] bankruptcy action is discharged . . ." so that <u>all</u> aspects of the litigation should be stayed.  (Dkt. #179, at 1 & Brief).[3]  Attorney Burns <u>agrees with plaintiff</u> that "the entire consolidated matter . . . should continue to be stayed until . . . plaintiff Melvin Thompson files notice of resolution of his bankruptcy." (Dkt. #180, at 1; <u>see also id.</u> at 3-6).

Attorney Morgan, in contrast, takes the position that there are no grounds to stay

---

[3]Plaintiff also argues that the April 17, 2012 Letter was sent in violation of the automatic stay; that clearly was not the case, as Rizzitelli's counsel had a legitimate issue that needed judicial resolution.  (<u>See also</u> Dkt. #180, at 1).

plaintiff's lawsuit in 10 CV 71 (JBA), and that the Court retains the authority to dismiss that action. (Dkt. #181, at 2). Attorney Morgan agrees that any award of attorney's fees and costs against plaintiff is prohibited, as any "award [of] monetary damages" would "run[] afoul of the automatic stay." (Id. at 2-3). As a result, defendants have authorized counsel to "withdraw and relin[q]uish their claims that attorney[']s fees and costs be imposed upon the plaintiff-bankrupt[,]" so that the lawsuit should be dismissed for plaintiff's failure to respond to outstanding court orders regarding discovery. (Id. at 3)(emphasis omitted). As an alternative, Attorney Morgan agrees that if the Court "decides not to rule on the motion to dismiss notwithstanding . . . defendants' withdrawal and relinquishment of their claim for monetary damages, then the entire action should be stayed." (Id.).

Two days later, on May 16, 2012, this Magistrate Judge filed an electronic order (Dkt. #182), that gave plaintiff and Attorney Burns an opportunity to file a supplemental response to Attorney Morgan's alternative suggestions, by May 23, 2012, if they chose to do so. In his Supplemental Reply, filed May 23, 2012, Attorney Burns represents that Rizzitelli is not waiving his claim for fees brought in connection with his Motion to Remand, that the Court is entitled to dismiss plaintiff's entire case, and that the consolidated case, 11 CV 607 (JBA), should be "sever[ed]" and stayed. (Dkt. #183, at 1-2). On that same day, counsel filed an appearance for plaintiff (Dkt. #184), in which he argues that 10 CV 71 (JBA) "was never stayed" but that 11 CV 607 (JBA) is "stayed as a matter of law." (Dkt. #185, at 1-2).[4]

The one matter about which plaintiff (both when he was pro se and now through counsel), Attorney Burns, and Attorney Morgan agree is that 11 CV 607 (JBA) is stayed, particularly in light of Attorney Burns' continuing intention to seek attorney's fees with

---

[4]Plaintiff's new counsel requests additional time to respond to one or more pending motions in 10 CV 71 (JBA). (Id. at 2, n.1).

4

respect to his Motion to Remand. As such, Attorney Burns is correct that 11 CV 607 (JBA) ought to be "sever[ed]" from 10 CV 71 (JBA), so that the Order of Consolidation, filed May 4, 2011 in 11 CV 607 (JBA), Dkt. #10, and in 10 CV 71 (JBA), Dkt. #86, is revoked. However, immediately upon restoring 11 CV 607 (JBA) as a separate action, the lawsuit is hereby stayed, pursuant to 11 U.S.C. § 362.[5]

The more problematic issue, as before, is the effect of 11 U.S.C. § 362 upon 10 CV 71 (JBA). Contrary to the position of plaintiff's counsel, this Magistrate Judge already has ruled, in the February 2012 Order, that 10 CV 71 (JBA) was stayed in light of the "distinct and concrete" possibility that attorney's fees and costs may be imposed upon plaintiff. However, both Attorney Burns and Attorney Morgan have agreed that 10 CV 71 (JBA) also should be stayed, or alternatively, they are willing to waive their attorney's fees and costs in 10 CV 71 (JBA) provided that the lawsuit is dismissed. It is a gross understatement that this litigation was unnecessarily complicated by the pro se plaintiff's tactics in this litigation, and the harsh response of defense counsel thereto. Both Attorney Burns and Attorney Morgan are requesting that the Court act upon Defendants' Motion for Order of Dismissal, filed December 29, 2011 (Dkt. #151), which stems from the pro se plaintiff"s failure to fully comply with the Court's previous discovery rulings, for which both counsel are now willing to forego attorney's fees and costs in light of plaintiff's bankruptcy. The Magistrate Judge is fully confident that this litigation would not have reached such a boiling point had plaintiff previously been represented by counsel. As warranted as dismissal may have been, it would

---

[5]As a result, the following three motions remain denied without prejudice to renew: (1) Defendant Rizzitelli's Motion to Remand to State Court, filed May 4, 2011 (Dkt. #85); (2) Plaintiff's Motion for Summary Judgment as to Count One of Counterclaim Plaintiff Rizzitelli's Complaint, filed January 9, 2012 (Dkt. #162); and (3) Plaintiff's Motion for Defendant Sam Rizzitelli's Compliance with #109 Order, filed January 9, 2012 (Dkt. #164).

<u>now</u> be a harsh result without giving new counsel an opportunity to "unring the bell" with respect to at least some of the past discovery abuses.

Accordingly, in the interests of justice, 10 CV 71 (JBA) shall remain stayed, in order to permit plaintiff's new counsel an opportunity to fully immerse himself in this convoluted lawsuit. **On or before June 28, 2012**, Attorney Arcaro, Attorney Burns, and Attorney Morgan shall file a Joint Status Report, which will advise the Court: (1) whether Attorney Arcaro wishes to file an Amended Complaint; and (2) whether defendants wish to complete their deposition of plaintiff, at which plaintiff will testify as appropriate, and if so, by when this can be accomplished.[6]  A telephonic status conference will be scheduled shortly thereafter before this Magistrate Judge, following which the stay may be lifted.[7]

Dated at New Haven, Connecticut, this 4th day of June, 2012.

   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[6] If plaintiff fails to cooperate in any continued deposition, defendants may reclaim their Motion for Order of Dismissal, filed December 29, 2011 (Dkt. #151), insofar as the motion seeks dismissal of this lawsuit.

[7] As a result, the following four motions shall remain denied without prejudice to renew, if and when appropriate: (1) Plaintiff's Motion for Summary Judgment against Defendant Dan Sexton, filed May 4, 2011 (Dkt. #82); (2) Plaintiff's Motion to Strike Answer to Amended Complaint Affirmative Defenses, filed June 18, 2011 (Dkt. #94); (3) Plaintiff's Motion for Contempt and Sanctions, filed December 30, 2011 (Dkt. #154); and (4) Defendants' Motion for Order of Dismissal, filed December 29, 2011 (Dkt. #151).