UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEL THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SAM RIZZITELLI, ET AL.,<br><br>    Defendants. | No. 3:10-CV-0071 (MPS) |

## RULING AND ORDER

Defendants' Renewed/Reclaimed Motion for Order of Dismissal [doc. # 192] is denied and the Recommended Ruling of United States Magistrate Judge Joan G. Margolis is modified, as follows: The Court finds that the language in the June 4, 2012 Supplemental Order Regarding Plaintiff's Bankruptcy [doc. # 186] (the "Supplemental Order") might be construed to put Plaintiff on notice only that the case would be dismissed if he did not cooperate in the scheduling of his deposition. In the Supplemental Order, Judge Margolis ordered that the case remain temporarily stayed "in order to permit plaintiff's new counsel an opportunity to fully immerse himself in this convoluted lawsuit" and further ordered that the parties submit a Joint Status Report on or before June 28, 2012 advising "whether defendants wish to complete their deposition of plaintiff, at which plaintiff will testify as appropriate, and if so, by when this can be accomplished." (Supplemental Order at 6.) Judge Margolis also specifically warned that "[i]f plaintiff *fails to cooperate in any continued deposition*, defendants may reclaim their Motion for Order of Dismissal, filed December 29, 2011 (Dkt. # 151), insofar as the motion seeks dismissal of this lawsuit." (Supplemental Order at n.6.) (emphasis added). The Supplemental Order makes no mention of Defendants' written discovery requests.

1

On July 13, 2012, the parties filed a Joint Status Report [doc. # 189] stating that Plaintiff was available to be deposed between August 20, 2012, and September 30, 2012, and further that the parties did not agree as to the status of the written discovery in the case. Plaintiff claimed that he had already fully complied with the written requests, but that he was willing to provide these responses again by and through his counsel by July 31, 2012. Defendants disagreed and warned that if "Plaintiff provides the same documents he previously provided he will not have complied with the Court's order and the Defendants shall renew their Motion to Dismiss."

On July 16, 2013, Judge Margolis issued a Scheduling Order [doc. # 190] requiring that all motions to compel be filed by August 3, 2012, and setting a deadline of October 1, 2012, for the completion of discovery. The Scheduling Order contained no warning that dismissal might result if Plaintiff failed to supplement his written discovery requests. On September 4, 2012, Defendants filed their Renewed Motion to Dismiss. Defendants did not press for Plaintiff's deposition before renewing their Motion, given their not unreasonable position that Plaintiff would have to respond to the written discovery requests before they would re-schedule his deposition. Under these circumstances, and considering the Second Circuit's stringent standards for imposing the extreme sanction of dismissal under Rule 37, see, e.g., <u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298, 302-03 (2d Cir. 2009), the Court finds that, although Plaintiff's responses to Defendants' written discovery requests were wholly deficient until very recently, Plaintiff may not have had adequate notice that a dismissal would result if he did not immediately and fully supplement his discovery requests following the Supplemental Order. For that reason, the Motion to Dismiss is denied.

Defendants shall have 40 days from the date of this Order to notice and complete Plaintiff's deposition. Should Plaintiff fail to cooperate with the scheduling and taking of his

deposition during this period, this action will be dismissed. Any dispositive motions shall be filed within 70 days of the date of this Order. Should a dispositive motion be filed, the Joint Trial Memorandum will be due 30 days from the ruling on such motion. Should no dispositive motion be filed, the Joint Trial Memorandum will be due 100 days from the date of this Order. The Court will not extend these deadlines.

Defendants may file a motion under Rule 37 for reasonable, necessary and documented expenses of prosecuting the Motion to Dismiss, which, though the Court has denied it, was a reasonable measure taken by Defendants in light of Plaintiff's failure to comply with the written discovery requests until recently, and which ultimately prompted the Court to issue a series of orders that have finally resulted in reasonable compliance by Plaintiff. None of these orders – or the Motion to Dismiss itself – would have been necessary but for Plaintiff's improper discovery-related conduct. Any motion seeking such expenses shall be filed within 14 days from the date of this Order, any memorandum supporting such motion shall be limited to 10 pages, and any such motion shall be supported by an affidavit and time records of counsel. Any response to such motion shall be filed within 14 days from the filing of the motion and any memorandum in opposition to such motion shall be limited to 10 pages. No replies shall be filed.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           May 16, 2013