**MANDATE**

15-3425
Thompson v. Rizzitelli

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of May, two thousand seventeen.

Present:  JON O. NEWMAN,
          ROSEMARY S. POOLER,
          PETER W. HALL,
                    *Circuit Judges*.

_____

MELVIN THOMPSON,

        *Plaintiff-Counter-Defendant-Appellant*,

SAMUEL M. RIZZITELLI, JR.,

        *Plaintiff-Counter-Defendant*,

        v.        15-3425

SAM RIZZITELLI, SHELIA PARIZO, SANDY WATSON,
ANITA DUGGATTO, CHRISTINE ROBINSON,
DERBY DEMOCRATIC TOWN COMMITTEE,

        *Defendants-Appellees*,

JAMES WATSON, DAN SEXTON, RONALD SILL,
JOYCE SILL, PAUL VARSANIK, JR., JOHN ORAZIETTI,

        *Defendants*.

MANDATE ISSUED ON 07/07/2017

---

Appearing for Appellant:     Melvin Thompson, pro se, Derby, CT.

Appearing for Appellees:     Elio Morgan, Bridgeport, CT.

Appeal from the United States District Court for the District of Connecticut (Shea, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of said District Court be and it hereby is **DISMISSED WITHOUT PREJUDICE** to reinstatement.

Plaintiff-Appellant Melvin Thompson, proceeding pro se, appeals from the September 29, 2015 judgment of United States District Court for the District of Connecticut (Shea, *J.*), entering judgment in favor of Defendants-Appellees Sam Rizzitelli, Shelia Parizo, Sandy Watson, Anita Duggatto, Christine Robinson, and Derby Democratic Town Committee following a jury trial. Thompson challenges the district court's exclusion at trial of a settlement agreement and testimony regarding that agreement. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's evidentiary rulings for abuse of discretion. *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016). Even when we conclude that the district court abused its discretion, however, "an erroneous evidentiary ruling warrants a new trial only when a substantial right of a party is affected, as when a jury's judgment would be swayed in a material fashion by the error." *Id.* at 138 (internal quotation marks omitted).

In the instant case, Thompson has failed to provide this Court with the necessary transcripts from the proceedings below. Federal Rule of Appellate Procedure 10(b) requires an appellant, within 14 days after the filing of a notice of appeal, to either (1) order transcripts from any proceedings that are necessary to the appeal from the reporter and file such order with the district court; or (2) file a certificate stating that no transcript will be ordered. Thompson did neither. Without the transcripts, we cannot determine whether the district court's evidentiary ruling was an abuse of discretion or whether, considering the entirety of the evidence presented at trial, any error was harmless. Accordingly, consistent with the long-established practice of this Court, we are constrained to dismiss Thompson's appeal. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (dismissing portion of the appeal with prejudice where "plaintiff failed to provide this Court with the trial transcripts needed to conduct meaningful appellate review"); *Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998) (dismissing pro se appeal without prejudice to reinstatement for failure to file transcripts).

Thompson's appeal is therefore **DISMISSED WITHOUT PREJUDICE** to reinstatement, provided that, within 30 days of the date of this order, he provides the Court with (1) the transcripts of the two pretrial conferences discussing the admissibility of the settlement agreement and the trial transcripts or (2) proof that he has ordered the transcripts. Upon timely filing of the transcripts, the appeal will be reinstated.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit